Richard B. Fox, Plaintiff *Pro Se*
485 Ocean View Blvd.
Pacific Grove, CA 93950
Tel: 408-402-2452
Fax: 669-221-6281
rbfmd@aol.com

**FILED**

JUN 20 2024

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard B. Fox<br><br>            Plaintiff<br><br>vs.<br><br>City of Pacific Grove, California, Bill Peake, Mayor, City of Pacific Grove, California, City Pacific Grove California City Council Members Joe Amelio, Debby Beck, Luke Coletti, Lori McDonnell, Chaps Poduri, and Nick Smith,<br><br>            Defendants | **CASE NO.**<br><br>**COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF**<br><br>Facial and As Applied Challenges To Pacific Grove Municipal Code Chapter 12.20, "Protected Trees," As A *Per Se* Deprivation Of Private Real Property For A Public Purpose Without Just Compensation In Violation Of The Fifth And Fourteenth Amendments, 42 U.S.C. § 1983 |

**C    24 03686 NC**

COMPLAINT - PAGE 1

COMES NOW Plaintiff Richard B. Fox alleging against the Defendants as follows:

**1.   STATEMENT OF FACTS**

**1.1   Plaintiff Wishes To Remove Two Trees From His Property That Are Causing Significant Damage To The Hardscape Of That Property**

1.     Plaintiff Richard B. Fox is the owner, under a joint tenancy with his wife, Wendy K. Fox, of the property located within the City of Pacific Grove, California at the street address of 485 Ocean View Boulevard, at the corner of Ocean View Boulevard and 13th Street. The property has a tax assessor number of 006-183-003-000 and is more fully described as Pacific Grove Retreat Lot 3 & 4 Blk 39.

2.     The home is historic, having been built in 1904. It is listed on the State of California Historic Resources Inventory.

3.     A historic stable with tackroom from 1904 is located behind the house. Stables, unlike modern garages were, of course not attached to the home. A driveway runs up a relatively steep sloop from 13th Street to the stable.

4.     There are several trees on that property. The two at issue in this case are located on either side of the driveway.

5.     Tree #1 is a very large Norfolk Island pine, a non-native species imported from Norfolk Island, located between Australia and New Zealand.

6.     Tree #1 is located immediately adjacent to the south side of the driveway that runs from 13th street to a historic stable. Tree #1 is now approximately 66 inches in diameter as measured 48 inches above the driveway grade and about twice that at the driveway grade level.

7.     An aerial view of the property is shown below with the light red square showing the property lines, the heavy red line showing the perimeter of the house, and the light red circle showing the outline of tree #1:

Exhibit 1 (Aerial View Of Property At 485 Ocean View Blvd., Pacific Grove, California

8.      For orientation, north is at the top of the image, east at the right, west at the left, and south at the bottom.

9.      Tree #2 is a smaller Coastal Oak, a native species located about four feet from the north side of the driveway, as shown in Exhibit 1. Tree #2 is now approximately 16.5 inches in diameter as measured 48 inches above grade.

10.     There are concrete retaining walls on either side of the driveway, as also

1   shown in Exhibit 1. Where the retaining walls abut 13th Street the south wall is 46

2   inches in height and the north wall is 42 inches in height.

3         11.    Tree #1 is located immediately adjacent to the south retaining wall.

4   Because growth of the roots of tree #1 in the northerly directed has always been

5   blocked by the retaining wall, those roots grew tangentially to the trunk of the tree

6   rather than radially as they should have. These types of tangential roots are called

7   "girdling roots" since they girdle the base of the tree. They are harmful because they

8   interfere with the flow of water and nutrients up the trunk of the tree, weakening the

9   tree, making it more prone to disease, more likely to become infested with insects,

10  and more likely to be uprooted by wind.

11        12.    In 2021 Richard Fox had trees #1 and #2 inspected by Frank Ono, a

12  Master Arborist as certified by the International Society of Arboriculture ("ISA"), the

13  recognized authority in the arboriculture industry.

14        13.    Among other things, Mr. Ono found that:

15  (1)   [A] VTA (visual tree inspection) determined there are two trees
          positioned such that, efforts for wall and driveway repair, require
16        significant root removal on both a Norfolk Island pine (tree #1) and
          Coast live oak (tree #2) that will jeopardize their stability.
17  (2)   The Norfolk Island pine ... is not planted within the proper space; the
          area where it is located is retained by a wall and has a steep-sloped
18        driveway to access the garage. The Norfolk Island pine tree is not
          suitable for patios, terraces, or confined spaces because they are too
19        large, and large surface roots are common.
    (3)   The situation (deteriorating wall and driveway) cannot be left
20        unattended; the wall is actively being crushed by the weight of the
          Norfolk Island pine and root tension is disrupting the driveway. In
21        another nearby area, the wall is being pushed out into the walkway by a
          Coast live oak. Both trees are within the construction repair impact
22        zone. Again, any attempt to repair the wall and driveway will require
          over-excavation and significant root removal. These construction
23        activities by their nature will negatively affect tree stability and make
          the trees unsafe.
24  (4)   Tree [#1] is a 43" diameter Norfolk Island pine (Araucaria
          heterophylla,(used to be excelsa)) standing approximately 85 feet tall
25        and with a crown spread of over 40 feet. The tree has both girdling and
          significant damaging surface root growth and has a THEF score of 10.
26  (5)   Tree #2] is a small 10" diameter Coast live Oak (Quercus agrifolia) that
          stands approximately 30 feet tall with a crown spread of 30 feet. This
27        tree is located directly adjacent to a retaining wall. Its roots are pushing
          the wall over and have a THEF score of nine (9).
28  (6)   The Norfolk Island pine carries a tree hazard evaluation form (THEF)
          score of 10 that will increase to 12 when roots are disturbed; the Oak
          has a THEF score of nine (9) that also will increase to 12. Trees that
          rate a score of 12 present the most likelihood of failure. The THEF score
          rates the relative hazard of trees based upon the criteria of the

COMPLAINT - PAGE 4

probability of failure, size of failure part, and target from the Photographic Guide to the Evaluation of Hazard Trees in Urban Areas (Mattheny and Clarke).

(7)   The windburned Coast live oak (#402) appears to have been a tree grown from seed lodging itself adjacent to the retaining wall, where its root collar is now exerting tremendous pressure on the wall. The tree base as it expands is pushing the wall over and will need to be removed to properly repair the wall.

(8)   Both trees require significant root removal for construction repair and create a dangerous situation as they will be highly likely to fail once roots are removed. Damage is capable to adjacent areas when a failure occurs. Target ratings factored into the THEF score include high-value landscape, structures roadways, or utilities. Removal of the tree(s) will not significantly alter air movement, contribute to erosion, or create a significant impact on wildlife; no active bird or animal nesting sites were observed at the time of assessment.

14.     As noted by Mr. Ono, the roots of tree #1 have grown behind the south retaining wall, exerting pressure that has cracked the south wall and displaced it seven inches to the north. Those roots have also undergrown the driveway, cracking and lifting up the driveway by several inches. The base of the trunk of tree #1, with its girdling roots, has expanded to overgrow the retaining wall and now projects several inches out beyond the south retaining wall into the driveway itself, as seen here:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16   Exhibit 2, Norfolk Island Pine Tree (Tree #1) With Its Massive Girdling Roots
     Crushing And Destroying The Driveway Retaining Wall And Uplifting The Driveway
17   At 485 Ocean View Blvd., Pacific Grove, California

18      15.   The appearance of the girdling roots that were forced by the retaining

19   wall to grow tangentially to the tree trunk rather than radially as they would

20   normally establishes that the retaining wall was there before the tree.

21      16.   The roots of tree #2 have grown behind the north retaining wall,

22   exerting pressure that has cracked the north wall and displaced it one inch to the

23   south.

24      17.   Both the south and north retaining walls of the driveway, and the

25   driveway itself, must be replaced as they have been badly damaged by the trees at

26   issue. However, plaintiffs do not wish to incur the expense of replacing the driveway

27   and retaining walls unless the two offending trees are removed, lest, over time, the

28   new retaining walls and driveway suffer the same fate as the present structures.

Furthermore, the south retaining wall and driveway cannot be replaced without

substantial removal of both the above ground and below ground portions of tree #1,

COMPLAINT - PAGE 6

1    as noted by Mr. Ono's report.

2    **1.2    The City Of Pacific Grove's Tree Regulations**

3    18.    The City of Pacific Grove, California, has adopted an ordinance

4    regulating the removal of trees located on both public and private lands within the

5    city under Title 12 of the Pacific Grove Municipal Code, captioned as "TREES AND

6    THE URBAN FOREST."

7    19.    Under Section 12.10.010, the City of Pacific Grove plainly and explicitly

8    states that the entire purpose of Title 12 is for the benefit of the public:

9    12.10.010 Purpose.
     (a) The purpose of this title is to facilitate the protection, preservation, and
10   restoration of Pacific Grove's urban forest; and enhance the visual and
     aesthetic uniqueness of Pacific Grove, in accordance with the city of Pacific
11   Grove General Plan.
     (b) Accordingly, this title provides regulations relating to the Removal and
12   Pruning of Trees in public and private areas, to safeguard life, limb, health,
     property, and public welfare, by managing the urban forest pursuant to these
13   regulations and the Urban Forestry Standards, and by developing programs
     for the urban forest of the city of Pacific Grove.
14
     20.    Section 12.20 of Title 12 is entitled, "Protected Trees."
15
     21.    Section 12.20.010 of Title 12 reiterates that the purpose of the urban
16
     forest ordinance is for the public benefit:
17
     12.20.010 Overall Canopy Coverage
18
     The entire community benefits from a healthy and full Tree canopy and root
19   system. The city of Pacific Grove shall strive to achieve a 25-year city-wide
     canopy cover target to maintain the existing canopy cover with the goal of a
20   total canopy cover of 33 percent. The city shall develop and implement
     programs to maximize opportunities for the planting of Public Trees. The city
21   shall encourage reporting on the Removal of non-Protected Trees to track
     changes in the overall canopy coverage. [Ord. 13-013 § 3, 2013; Ord. 12-017 § 6,
22   2012].

23
     22.    Subsection 12.20.020 of Pacific Grove's tree regulations sets forth five
24
     categories of "protected trees." Subsection 12.20.020(2) includes among those five
25
     categories of protected trees:
26
     (2) All Other Private Trees. In addition to subsection (a)(1) of this section, all
27   other Trees on private property, regardless of species, 12 inches or greater in
     trunk diameter, measured at 54 inches above native grade.
28
     23.    Subsection 12.20.040 of Pacific Grove's tree regulations regulates the

     "Substantial Pruning Or Removal" of protected trees. It sets forth four criteria that

1    are acceptable for the substantial pruning or removal of a protected tree. The second

2    of those acceptable criteria is:

3          (2) The Tree is causing or is projected to cause significant damage to hardscape
      (house foundations, driveways, retaining walls, patios, etc.), utility service

4          lines, or infrastructure (sidewalk, curb, storm drain, Street, etc.) and there are
      not more cost-effective remedial solutions.

5

**1.3    Plaintiff Attempts To Obtain A Permit From The City Of Pacific**
6             **Grove To Remove Trees #1 and #2**

7        24.    Plaintiff first applied to the City of Pacific Grove for a permit to remove

8    trees #1 and #2 (and two others) on January 15, 2021 after being told by the city's

9    arborist that Plaintiff would have to have a permit to remove them. Exhibit 3. Five

10   months later, on June 8, 2021, the arborist for the City of Pacific Grove issued a

11   permit to remove one tree, but denying permission to remove trees #1 and #2 because

12   each "tree is classified as healthy - Arborist report required." Exhibit 4. However, the

13   one other tree approved for removal was "APPROVED for removal because the tree is

14   causing significant damage to hardscape or building structure." *Ibid.* A footnote to

15   that permit remarked that, "The Norfolk pine requires further investigation by a

16   qualified arborist. The tree is considered to be part of the historical value to the

17   property."

18       25.    In April of 2023 plaintiff again inquired of the City of Pacific Grove

19   about obtaining a tree removal permit for tree #1. A series of emails were exchanged

20   over several months. On August 22 Daniel Gho, Director of Public Works for the City

21   of Pacific Grove finally provided plaintiff, for the first time, with the evaluation of

22   Albert Weissfuss, City Arborist for the City of Pacific Grove, made on June 6, 2021

23   (exhibit 4) as to the original request for removal of January 15, 2021.

24       26.    Mr. Weissfuss's evaluation contained, *inter alia*, the following findings

25   under the City of Pacific Grove's tree ordinance, Pacific Grove Municipal Code

26   Section 12:

27       (1)    12.10.010 Purpose.
          (a) The purpose of this title is to facilitate the protection, preservation,
28             and restoration of Pacific Grove's urban forest; and enhance the visual
          and aesthetic uniqueness of Pacific Grove, in accordance with the city of
          Pacific Grove General Plan.
    (2)    12.10.020 Findings.
          (i) Trees may enhance the architectural character of a neighborhood,

accent or soften the effect of structures, promote visual formality and aesthetic interest, and screen undesirable views.

(3)   12.20.020 Categories of Protected Trees.
(2) All Other Private Trees. In addition to (a)(1), all other trees on private property, regardless of species, twelve inches or greater in trunk diameter, measured at 54 inches above native grade.

(4)   12.20.040 Pruning and Removal of Protected Trees.
(2) The Tree is causing or is projected to cause significant damage to hardscape (house foundations, driveways, retaining walls, patios, etc.), utility service lines, or infrastructure (sidewalk, curb, storm drain, Street, etc.) and there are not more cost-effective remedial solutions.
A. Cost-effective remedial solutions are available to retain the tree and further manage with Best Management Practices - Root Management, Second Edition (2023). The Root Management BMP provides arborists with recommended practices and guidance for inspecting, pruning, and directing the roots of trees to promote the trees' longevity while minimizing infrastructure conflicts.
B. The tree is healthy and has adopted to the site. The retaining wall to the south side of the driveway appears to have little to no reinforcement and little to no footing for structural support.
C. The city recently installed a new driveway approach, curb and gutter. During excavation of this site, no roots were encountered.
D. The current configuration of the driveway is not in any violations of City Municipal Codes per John Kuehl, Building Official.
E. *It is recommended that any future improvements be completed with proper adjustments to accommodate the tree.*

Exhibit 4 (emphasis added).

27.   As seen above, "The purpose of this title is to facilitate the protection, preservation, and restoration of Pacific Grove's urban forest; and enhance the visual and aesthetic uniqueness of Pacific Grove, in accordance with the city of Pacific Grove General Plan." Thus, the tree protection regime prescribed is, admittedly, for the non-essential public "aesthetic uniqueness" benefit of the City of Pacific Grove and not for an necessary purpose such as public safety.

28.   It is also clear from the requirement above ((*[i]t is recommended that any future improvements be completed with proper adjustments to accommodate the tree*) that the public interest in preserving the "esthetic uniqueness" of the City of Pacific Grove takes precedence over the private property rights of private property owners, such as plaintiff, because plaintiff's retaining walls and driveway must be relocated to further encroach upon his useable property in order to give the tree all the room that it needs to grow and occupy even more of plaintiff's useable property

29.   On February 11, 2024 plaintiff re-applied for approval to remove tree #1,

30.   On March 25, 2024 plaintiff amended their pending request to again

1  include the removal of tree #2.

2  31.   On April 29, 2024, more than two and one half months since the initial

3  application of February 11, 2024, and having had no response to that application

4  from the City of Pacific Grove, plaintiffs construed that lack of response as a

5  constructive denial of that renewed application and appealed that constructive denial

6  to the Beautification and Natural Resources Commission of the City of Pacific Grove,

7  as provided under Chapter 12, Section 12.070.10 of the Pacific Grove Municipal Code.

8  Exhibit 5. In that appeal plaintiff Richard Fox argued that removal of the two trees

9  was allowed under Subsection 12.20.040(2) due to the very significant damage to

10  hardscape caused by the two trees. Exhibit 5.

11  32.   The City made no response to plaintiff's request to appeal the

12  constructive denial of his request for the tree removal permit.

13  33.   Thus, on May 23, 2024, Plaintiff sent a Demand Letter to the Mayor and

14  all city council members of the City of Pacific Grove demanding a permit to remove

15  trees one and two on the basis of: (1) the damage to the hardscape of the property,

16  and (2) the fact that the City's restrictions on removal of the "protected trees" #1 and

17  #2 for the purpose of maintaining the city's "urban forest" for the benefit of the public

18  constitutes a taking of private property without just compensation, as required under

19  the Takings Clause of the Fifth Amendment to the U.S. Constitution. Exhibit 6. The

20  Demand Letter gave the city council until June 13 to issue the permit to remove trees

21  1 and 2 and to pay just compensation for the invasion of plaintiff's property by the

22  city's protected trees from the date of the original permit request of January 15, 2021.

23  34.   The city made no direct response to plaintiff's Demand Letter but did, on

24  May 30, 2024, grant plaintiff a hearing before its Beautification and Natural

25  Resources Commission on June 18, 2024 on plaintiff's request for the tree removal

26  permit.

27  35.   At the hearing of June 18, 2024 before the Beautification and Natural

28  Resources Commission plaintiff's request for the tree removal permit was denied.

36.   Specifically, the Beautification and Natural Resources Commission

adopted the recommendation of city staff that a permit for the removal of the trees in

question should be denied. That recommendation was based, in part, on city staff's finding that:

> Trees such as the subject trees meet the general findings of the City per code section 12.10.020. They provide stormwater benefits, habitat for wildlife, provide protections from climate extremes, improve overall human health, and help the City meet our canopy goals. They are part of the ecosystem in the neighborhood.
>
> Exhibit 7, City staff recommendation to deny the appeal of the denial of Tree Permit Application 24-023.

## 2.   SUBJECT MATTER JURISDICTION

37.   The subject matter of this complaint involves a taking of plaintiff's private property for the public purposes of: (1) maintaining the City of Pacific Grove's "urban forest," (2) preserving the "esthetic uniqueness" of the City of Pacific Grove, and (3) providing "protections from climate extremes, improve overall human health, and help the City meet our canopy goals. They are part of the ecosystem in the neighborhood" all without just compensation of Plaintiff property owner by the City of Pacific Grove in violation of the Fifth Amendment to the U.S. Constitution, as made applicable to local governments, such as the City of Pacific Grove, by the Fourteenth Amendment to the U.S. Constitution. Such infringements of rights guaranteed under the U.S. Constitution are actionable under 42 U.S.C. § 1983.

38.   The federal district courts have original jurisdiction, pursuant to 28 U.S.C. Section 1331, of cases involving federal questions, here the taking of private property for public use without just compensation in violation of the Fifth Amendment to the U.S. Constitution, as applied to the states, and the City of Pacific Grove, under the Fourteenth Amendment.

## 3.   PERSONAL JURISDICTION

39.   Defendant the City of Pacific Grove is located within Monterey County, California, which lies within the jurisdiction of the United States District Court for the Northern District of California. The mayor and city council members are all, by statute, residents of the City of Pacific Grove, in Monterey County.

1    4.    **CLAIMS PRESENTED**

2    **FIRST CLAIM FOR RELIEF**

3    *Per Se* Physical Taking Of Private Property For Public Use
     In Violation Of The Fifth And Fourteenth Amendments

4
5    40.    Plaintiffs incorporate the facts set forth above in paragraphs x-y as if set

     forth fully herein.

6
7    41.    Section 12.10.010 of the Municipal Code adopted by defendant the City

     of Pacific Grove, explicitly states that the city's protected tree ordinance was adopted

8    for the benefit of the public. Specifically, section 12.10.010(a) states that:

9
10       The purpose of this title is to facilitate the protection, preservation, and
         restoration of Pacific Grove's urban forest; and enhance the visual and
         aesthetic uniqueness of Pacific Grove, in accordance with the city of Pacific
11       Grove General Plan.

12   42.    Section 12.20 of the Municipal Code adopted by defendant the City of

13   Pacific Grove ("Protected Trees") denies **private property owners** within the city

14   the right to fully enjoy and improve their properties by removing undesirable trees

15   for the stated **public purpose** of 'benefitting the entire community' by 'maintaining

16   the existing canopy cover' of trees, 'with the goal of a total canopy cover of 33 percent.'

17   43.    The City of Pacific Grove has thereby imposed an uncompensated

18   easement on tree-owning private property owners, such as plaintiff, for the public

19   purpose of "facilitat[ing] the protection, preservation, and restoration of Pacific

20   Grove's urban forest; and enhance the visual and aesthetic uniqueness of Pacific

21   Grove." Thus, private property owners are burdened with maintaining the city's

22   "urban forest" for the enjoyment of the "entire community" without any cost to the

23   public for that enjoyment.

24   44.    This is no different than imposing an easement upon private property

25   for a public road or park at no cost to the public. Here, the private property owners

26   also have to pay for the maintenance, such as pruning and cleaning up the debris

27   from the trees, again at no cost to the public, a public that imposes that duty upon

28   the private property owners.

     45.    Nor is this burden shared by all of the community, only by those

     property owners with trees. Commercial property and private residential property

COMPLAINT - PAGE 12

1  that mostly occupies its entire property with buildings is largely excused from this

2  burden. This a a violation of the Equal Protection Clause of the Fourteenth

3  Amendment.

4       46.    The urban forest easement that has been imposed upon the plaintiff is

5  even more onerous than would be an easement imposed for a public road or park in

6  that the road or park does not grow inexorably, year after year, encroaching ever

7  more and more, both above and below ground, invading and destroying the hardscape

8  on those properties, such as in plaintiff's case.

9       47.    There is no dispute here as to whether the City of Pacific Grove has the

10  power, under its eminent domain powers, to impose such an easement upon plaintiff's

11  private property for the public purpose of maintaining the city's "urban forest."

12  However, such a "taking" of such an easement for that purpose is a *per se* taking

13  under the Fifth Amendment to the Constitution of the United States, as applied to

14  the states and to local governments such as the City of Pacific Grove, under the

15  Fourteenth Amendment and under relevant U.S. Supreme Court jurisprudence.

16  *Cedar Point Nursery v. Hassid* (2021) 141 S.Ct. 2063, *Loretto v. Teleprompter*

17  *Manhattan Catv Corp*, (1982) 458 U.S. 419. As a *per se* taking under those decisions,

18  the City of Pacific Grove must either: (1) pay just compensation to plaintiff for that

19  taking of his property since January of 2021 and going forward, or (2) terminate that

20  taking by allowing removal of the trees at issue and paying just compensation for the

21  taking from January 2021 to the date the permit is issued to remove the nuisance

22  trees on his property.

23  **5.    PRAYER FOR RELIEF**

24       5.1    Plaintiff Richard Fox prays the Court for a Declaration that Chapter

25  12.20 of the Municipal Code of the City of Pacific Grove, California, effectuates an *per*

26  *se* taking of all private property occupied by "protected trees" in the City of Pacific

27  Grove under the Municipal Code of the City of Pacific Grove, including plaintiff's

28  property so occupied, such that just compensation is due all of those property owners,

including plaintiff, as required under the Fifth Amendment to the Constitution of the

United States, as applied by the Fourteenth Amendment to the states and their

1  political subdivisions such as the City of Pacific Grove.

2       5.2    Plaintiff Richard Fox further prays the Court for an injunction requiring

3  the City of Pacific Grove to either promptly issue permits for the removal of any

4  protected trees, as defined under Chapter 12.20 of the Municipal Code of the City of

5  Pacific Grove, from his property or pay him just compensation for maintaining those

6  protected trees upon his property going forward in the future, including but not

7  limited to, payment for the use of all encumbered land, applicable property taxes, and

8  costs of maintenance of those protected trees, all in an amount to be proved at trial.

9       5.3    Plaintiff Richard Fox further prays the Court for an injunction requiring

10  the City of Pacific Grove to pay him just compensation for maintaining those

11  protected trees upon his property, including payment for the use of all encumbered

12  land, applicable property taxes, and costs of maintenance of those protected trees

13  since plaintiff first asked the City of Pacific Grove for permission to remove them on

14  January 15, 2021 and was refused, and up to the present, in an amount to be proved

15  at trial.

16

17  June 20, 2024

18

19  _Richard B. Fox_

20  Richard B. Fox, Plaintiff *Pro Se*

21

22

23

24

25

26

27

28

1   Richard B. Fox, Plaintiff *Pro Se*
    485 Ocean View Blvd.
2   Pacific Grove, CA 93950
    Tel: 408-402-2452
3   Fax: 669-221-6281
    rbfmd@aol.com

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

9   Richard B. Fox

                        Plaintiff          CASE NO.

10  vs.                                     EXHIBITS 1-7

11  City of Pacific Grove, California,
    Bill Peake, Mayor, City of Pacific      C — 24  03686   NC
12  Grove, California, City Pacific
    Grove California City Council
13  Members Joe Amelio, Debby Beck,
    Luke Coletti, Lori McDonnell,
14  Chaps Poduri, and Nick Smith,

15                      Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1



Exhibit 1 (Aerial View Of Property At 485 Ocean View Blvd., Pacific Grove, California

Exhibit 2



Exhibit 2, Norfolk Island Pine Tree (Tree #1) With Its Massive Girdling Roots
Crushing And Destroying The Driveway Retaining Wall And Uplifting The Driveway
At 485 Ocean View Blvd., Pacific Grove, California

Exhibit 3

**From:** albertweisfuss@gmail.com,
**To:** rbfmd@aol.com,
**Subject:** Re: Tree assessment
**Date:** Fri, Jan 15, 2021 8:22 pm

Good evening Mr. Fox
All living tree requests for removal require an application for tree removal along with an arborist report discussing the condition of the tree and that there is no other action possible to mitigate the issue.  Please submit both to the city and I will review.
Thank you

On Fri, Jan 15, 2021 at 8:26 AM <rbfmd@aol.com> wrote:
Mr. Weisfuss,

We have a large tree on our property that I have been told is a Norfolk Island Pine. It appears to me to be healthy but it is toppling a large retaining wall next to our sloping driveway as seen in the attached photos. We need to replace that retaining wall before it collapses on someone but we want to remove the tree first. I understand from my tree service that we will need a permit for that. In your opinion, do we need a tree risk assessment to get such a permit or is this more of a structural issue? Thanks.

Richard Fox
Pacific Grove


--
*Albert Weisfuss,*
*Monterey Bay Treeworks*
I.S.A. Certified Arborist
I.S.A. Tree Risk Assessor - Qualified
A.S.C.A. - Member

PO Box 223374
3845 Ave Nona Marie
Carmel, CA 93923
albertweisfuss@gmail.com

Exhibit 4



**Permit #:** 21018

**Permit Date:** 01/16/21

**Permit Type:**

**Property Address:** 485 Ocean View Boulevard, Pacific Grove, CA, USA

**Permit Type:** Tree Permit

**Butterfly Habitat:** No

**Primary Applicant:** Property Owner

**Applicant Name:** Richard Fox

**Applicant Phone:** 4087181915

**Applicant Email:** rbfmd@aol.com

**Applicant Address:**

**Owner Name:** Richard Fox

**Owner Phone:** 4087181915

**Owner Email:** rbfmd@aol.com

**Owner Address:** 211 Glen Ridge Ave

**Permit Approval Date:**

**Permit Expiration Date:**

**Replant Due Date:**

**Replant Confirmation Date:**

**Tree Posting Date:**

**Appeal Deadline:**

**Tree # 1 Species:** Norlolk Island Pine

**Tree # 1 DBH (inches):** 47

**Tree # 1 Requested Action:** Remove

**Tree # 1 Authorized Action:** NOT APPROVED for removal because the tree is classified as healthy - Arborist report required

**Tree # 1 Replant Requirement:**

**Tree # 2 Species:** Coast Live Oak

**Tree # 2 DBH (inches):** 12

**Tree # 2 Requested Action:** Remove

**Tree # 2 Authorized Action:** APPROVED for removal because the tree is causing significant damage to hardscape or building structure

**Tree # 2 Replant Requirement:** 1 5-gallon lower canopy on property

**Tree # 3 Species:** Coast Live Oak

**Tree # 3 DBH (inches):** 19

**Tree # 3 Requested Action:** Remove

**Tree # 3 Authorized Action:** NOT APPROVED for removal because the tree is classified as healthy - Arborist report required

**Tree # 3 Replant Requirement:**

**Tree # 4 Species:** Coast Live Oak

**Tree # 4 DBH (inches):** 12

**Tree # 4 Requested Action:** Remove

**Tree # 4 Authorized Action:** NOT APPROVED for removal because the tree is classified as healthy - Arborist report required

**Tree # 4 Replant Requirement:**

**Tree # 5 Species:**

**Tree # 5 DBH (inches):** 0

**Tree # 5 Requested Action:**

**Tree # 5 Authorized Action:**

**Tree # 5 Replant Requirement:**

**Special Permit Conditions and Notes:**

**Total number of trees:** 4

**Status:** Partial Approval

**Assigned To:**

## Property

| Parcel # | Address | Legal Description | Owner Name | Owner Phone | Zoning |
|---|---|---|---|---|---|
| 006183003000 | 485 OCEAN VIEW BLVD | High Dens 29.0 DU/ac | FOX RICHARD B & WENDY K | | R-3-PGR |

## Fees

| Fee | Description | Notes | Amount |
|---|---|---|---|
| Tree Permit Application | PW-TREE 2022-2023 | | $94.00 |
| Tree Permit - Each Additional tree removal and/or trimming | PW-TREE 2022-2023 | | $151.00 |
| Credit Card Processing Fee | CRDT-FEE | | $9.80 |
| | | **Total** | **$254.80** |

## Attached Letters

| Date | Letter | Description |
|---|---|---|
| 06/08/2021 | Tree Permit | |
| 01/16/2021 | Web Form - Tree Application | |

## Payments

| Date | Paid By | Description | Payment Type | Accepted By | Amount |
|---|---|---|---|---|---|
| 01/16/2021 | Richard Fox | Invoice: 171816 | | | $254.80 |
| | | | | **Outstanding Balance** | **$0.00** |

## Notes

| Date | Note | Created By |
|---|---|---|
| 06/08/2021 | The arborist report only refers to 2 trees. The application has requested 4. Tree #402 within the retainer wall is approved. The Norfolk pine requires further investigation by a qualified arborist. The tree is considered to be part of the historical value to the property. | Al Weisfuss |

Exhibit 5

Richard B. Fox
485 Ocean View Blvd.
Pacific Grove, CA 93950
April 29, 2024

Beautification And Natural Resources Commission
City of Pacific Grove
300 Forest Avenue
Pacific Grove, CA 93950

Re: Appeal of Denial Of Tree Removal Permit For The Norfolk Island Pine Located On
the Property At 485 Ocean View Blvd., Pacific Grove
Pacific Grove Municipal Code Section 12.070.010

To: Beautification and Natural Resources Commission

I wish to appeal the denial of my permit application, number 24023 dated
February 11, 2024, for: (1) the removal of the large Norfolk Island Pine (a non-native
species) tree located on my property at 485 Ocean View Blvd (tree number 1), and (2) the
removal of the Coast Live Oak tree right across the driveway from the Norfolk Island
Pine (tree number 2).

The Norfolk Island Pine has caused plainly evident major damage to the retaining
wall on the south side of my driveway and has cracked and lifted up the driveway so that
it is impassable. The denial does not comply with Pacific Grove Municipal Code Section
12.20.040, subsection (2), which provides for the removal of trees that are "causing or is
projected to cause significant damage to hardscape (house foundations, driveways,
retaining walls, patios, etc.),..."

The Coast Live Oak is located across the driveway from the Norfolk Island Pine,
at the corner of the retaining wall on the north side of the driveway and the 13th Street
sidewalk and has created a large crack in the wall at that corner. It has displaced the
retaining wall facing 13th street two inches toward the street and the wall facing the
driveway by one inch. This would be significant damage to that retaining wall.

**History:**

In 2021 I applied for a permit to remove this same two trees and two others. On 6-8-2021
that request was denied, although a request for removal of another tree was approved and
a permit for its removal was issued. Tree Permit # 21018. See attached.

According to that permit, removal of tree number 1, a Norfolk Island Pine, was "NOT APPROVED for removal because the tree is classified as healthy - Arborist report required." However, removal of tree number 2 was "APPROVED for removal because the tree is causing significant damage to hardscape or building structure."

On February 11, 2024 I re-applied for removal of tree number 1, the large Norfolk Island Pine, permit application number 24023 and paid the required fee. See attached.

On March 25 I filed an amended petition to include the above-described Coast Live Oak (tree number 2) and paid the required fee.

Two weeks ago, the city's tree inspector, Mr. Weissfuss, was here and examined both trees. However, I have not received the results of that examination or any decision as to my request for removal of those two trees.

Since it has now been well more than two months since I submitted that initial application for the removal of the Norfolk Island Pine, more than one month since I submitted the amendment to include the Coast Live Oak, and two weeks since Mr. Weissfuss inspected the two trees, and considering the denial of the permit request in 2021, I now wish to appeal to the Beautification And Natural Resources Committee the apparent denial by inaction of my current permit request, as provided under Pacific Grove Municipal Code Section 12.70.010. The reason for the appeal, as stated above, is that both trees have actually caused extensive damage to hardscape as set forth under Pacific Grove Municipal Code Section 12.70.040, Subsection (2).

**The City Code Controlling The Removal Of Protected Trees**

Pacific Grove Municipal Code Section 12.20.040 is entitled, "Pruning and Removal of Protected Trees." The last sentence of the main code section provides that, "Acceptable criteria for Substantial Pruning or Removal of any Protected Tree are as follows:
   (2) The Tree is causing or is projected to cause significant damage to hardscape (house foundation, driveways, retaining walls, patios, etc.), utility service lines, or infrastructure (sidewalk, curb, storm drain, Street, etc.) and there are not more cost-effective remedial solutions."

**Reasoning**

(1) The extensive damage caused by the Norfolk Island Pine to the south retaining wall and driveway is readily apparent from the attached photograph and is obvious to anyone walking by on the 13th Street sidewalk. The extensive damage to the hardscape is undeniable.

(2) The damage to the north retaining wall is also readily apparent from the attached photograph showing the large crack in that retaining wall and the displacement of that wall to the south. That damage is undeniable.

(3) The requirement that, "there are not more cost-effective remedial solutions" provides no criteria for that comparison. "More cost-effective" than what? It apparently means that the tree can be removed unless it would be less costly to simply prune it. However, as discussed below under (4), repeated pruning and rebuilding the damaged hardscape in this situation would be far more expensive than removal, as the City found in the case of the Jewell Park elm tree, as discussed below.

(4) The application of that cost-effectiveness requirement to tree number 1 would be arbitrary since it was not applied to tree number 2.

(5) Finally, rebuilding the existing south retaining wall is not possible since the tree has overgrown and collapsed the retaining wall, as shown clearly in the attached photograph, The wall obviously cannot be rebuilt without removing the tree. Even then, it would only be a matter of time until the new wall became damaged and would have to be replaced yet again. Repeated replacement of the wall is not cost-effective. There is also the problem that the driveway slab has been severely damaged by uplifting roots. Even if the slab is removed, the tree roots pruned, and the slab replaced, the new slab will eventually become severely damaged by uplifting roots and the whole process will have to be repeated. The problem is similar to the problem that the city had with the Jewell Park elm tree that repeatedly damaged the sidewalk even though the roots were pruned repeatedly, leading eventually to the tree's removal due to the safety hazard it created for the public sidewalk. (See attached.)

Thank you for considering this request.

Yours truly,

Richard B. Fox

```
Priority Mail ®        1              $9.85
Flat Rate Env
    Pacific Grove, CA 93950
    Flat Rate
    Expected Delivery Date
        Tue 04/30/2024
    Tracking #:
        9510 8116 3829 4120 3725 65
    Insurance                        $0.00
        Up to $100.00 included
    Signature                        $4.15
    Confirm
Total                               $14.00

Grand Total:                        $23.85

Debit Card Remit                    $23.85
    Card Name: VISA
    Account #: XXXXXXXXXXXX2771
    Approval #: 019868
    Transaction #: 088
    Receipt #: 046950
    Debit Card Purchase: $23.85
    AID: A0000000980840   Contactless
    AL: US DEBIT

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
```

Exhibit 6

**Richard B. Fox**
**485 Ocean View Blvd.**
**Pacific Grove, CA 93950**

May 22, 2024

**DEMAND LETTER**

Bill Peake, Mayor, City of Pacific Grove, California
City Council Members Joe Amelio, Debby Beck, Luke Coletti, Lori McDonnell,
Chaps Poduri, and Nick Smith

Re: Denial Of Protected Tree Removal Permit As A Taking Of Private Property For
Public Use Without Just Compensation

Dear Mayor Peake and Members of the City Council

I am the joint owner of the property located at the street address of 485
Ocean View Boulevard in the City of Pacific Grove.

On January 15, 2021 I was advised by city arborist Albert Weissfuss that I
would need a permit from the city to remove a large tree on my property that had
caused significant damage to the retaining wall abutting my driveway. On January
16, 2021 I submitted the appropriate request, also requesting the removal of three
other trees. Attachment A. After a delay of five months, that request was denied.
Attachment B.

Later, in 2023, when I renewed my request to remove that offending tree, city
arborist Mr. Weissfuss provided an explanation for that denial of 2021. Attachment
C. That explanation cited the following sections from Pacific Grove's Municipal
Code relevant to removal of trees: sections 12.10.010 (Purpose), 12.10.020
(Findings), 12.20.020 (Protected Trees), 12.20.040 (Pruning and Removal of
Protected Trees), and 12.70.010 (Appeal of city arborist decision).

As cited by Mr. Weissfuss, the purpose of the city's tree regulations, under
section 12.10.010, is to, "facilitate the protection, preservation, and restoration of
Pacific Grove's urban forest; and enhance the visual and aesthetic uniqueness of
Pacific Grove, in accordance with the city of Pacific Grove General Plan."

As further cited by Mr. Weissfuss, the city found, under section 12.10.020 (i),
that, "Trees may enhance the architectural character of a neighborhood, accent or

soften the effect of structures, promote visual formality and aesthetic interest, and screen undesirable views."

As further cited by Mr. Weissfuss, these public purposes are accomplished by designating as "Protected Trees" under section 12.20.020, "all other trees on private property, regardless of species, twelve inches or greater in trunk diameter, measured at 54 inches above native grade."

As further cited by Mr. Weissfuss under section 12.20.040, the "Pruning and Removal of Protected Trees" is only permitted under certain specified conditions, which were not, in his opinion, met in the case of the tree in question.

On February 2 of this year, I once again applied for a permit to remove the Norfolk Island pine tree severely damaging my retaining wall. Attachment D. When, as of April 29, 2024, I had received no response to my request of February 11, I construed that inaction as a constructive denial and filed an appeal of that constructive denial with the city's Beautification and Natural Resources Commission. Attachment E. I have had no response at all to that appeal. I attended the meeting of the Beautification and Natural Resources Commission on May 21, 2024 and the issue of my appeal was not on the agenda nor was it ever addressed by the Commission.

I do not question the prerogative of the City of Pacific Grove, under its powers of eminent domain, to adopt regulations restricting the rights of private property owners such as myself to remove trees on their private property for the greater good of the public, as set forth in sections 12.10.010 and 12.10.020. However, such restrictions on private property rights clearly effectuate *per se* "takings" under the Fifth Amendment to the United States Constitution, as applied to local government entities such as the City of Pacific Grove under the Fourteenth Amendment, and as held under relevant U.S. Supreme Court decisions, including *Cedar Point Nursery v. Hassad* (2021) 141 S.Ct. 2063 and *Loretto v. Teleprompter Manhattan CATV Corp.* (1982) 458 U.S. 419, 102 S.Ct. 3164. As held by Chief Justice Roberts in *Cedar Point Nursery*:

> These sorts of physical appropriations constitute the "clearest sort of taking," *Palazzolo v. Rhode Island* , 533 U.S. 606, 617, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001), and we assess them using a simple, *per se* rule: The government must pay for what it takes. See *Tahoe-Sierra* , 535 U.S. at 322, 122 S.Ct. 1465.

Accordingly, I now demand to be compensated for the physical taking imposed by the City of Pacific Grove upon my private property by the city's

assertion of "Protected Tree" status imposed upon the trees in question on my private property for the public purpose of "facilitat[ing] the protection, preservation, and restoration of Pacific Grove's urban forest; and enhance[ing] the visual and aesthetic uniqueness of Pacific Grove…"

Such compensation must include the entirety of the impairment of my property rights, including the imputed rent for the land taken for the city's public purposes, beginning as of January 15, 2021 and extending into the future, the property taxes that I have paid and will pay for that land taken, and my inconvenience, past and future, of maintaining the trees, which must be pruned and require ongoing maintenance.

In the alternative, the city can compensate me for my previous costs and grant me permission to remove the trees at issue without further delay as such further delay will only increase the amount of compensation clearly due under the Takings Clause.

If I receive no response to this demand within fifteen business days, that is, by June 13, I will assume that my demand has been rejected and feel free to pursue any suitable remedies available to me.


Richard B. Fox



Office

799 Lighthouse Ave Ste A
Monterey, CA 93940
831.373.2298

---

May 22, 2024 4:24 PM
Receipt #: MRYK00203422

---

4230                1  @     $1.9900 T
MailKrft10.25x15 1Ct

---

FedEx Ground                    $12.84
776512137527

**Recipient Address**
Bill Peake, Mayor
City of Pacific Grove
300 Forest Ave
PACIFIC GROVE, CA 93950, US
000-000-0000
**Scheduled Delivery Date:** 05/23/2024
**Pricing Option:** Standard Rate
**Package Information:** Your Packaging
16x11x1
**Additional Services:**
No Signature Required
**Package Weight:** 0.7 lb (S)
**Declared Value:** $100

---

        Retail Subtotal        $1.99
        Ground Subtotal       $12.84

               Tax             $0.18
             **Total**        **$15.01**

               Cash           $20.01
        Total Tender          $20.01
        Change Due           ($5.00)

Tell us how we're doing:
fedex.com/welisten

By submitting your project to FedEx
Office or by making a purchase
in the FedEx Office store

**FedEx**

May 23, 2024

Dear Customer,

The following is the proof-of-delivery for tracking number: 776512137527

| Delivery Information: | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | |
| Signed for by: | PPEAK | Delivery Location: | |
| Service type: | FedEx Ground | | |
| Special Handling: | | | Pacific Grove, CA, |
| | | Delivery date: | May 23, 2024 10:44 |

| Shipping Information: | | | |
|---|---|---|---|
| Tracking number: | 776512137527 | Ship Date: | May 22, 2024 |
| | | Weight: | 0.7 LB/0.32 KG |
| Recipient: | | Shipper: | |
| PACIFIC GROVE, CA, US, | | PACIFIC GROVE, CA, US, | |

FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment.  Please check again later for a signature.

Exhibit 7

Print        Reading Mode        Back to Calendar        Return

7.A.1.

**Beautification and Natural Resources Commission**
**Meeting Date:** 06/18/2024
**From:**        Daniel Gho

---

## RECOMMENDATION

Deny the appeal of Tree Permit Application 24-023 and uphold the decision of the City Arborist denying the removal of one (1) Norfolk Pine and one (1) Coast Live Oak at 485 Ocean View Boulevard

## DISCUSSION

On January 16, 2021, the City received an application, submitted by the owner Richard Fox, to remove one (1) Norfolk Pine and three (3) Coast Live Oaks located on the property at 485 Ocean View Boulevard, tree permit application #21-018 (attachment 1). The application stated that the tree needs to be removed due to damage to structures and for safety reasons. The applicant provided an arborist report, but the report only addressed two of the 4 trees, the Norfolk Pine and one of the four Coast Live Oaks. The Coast Live Oak, tree 402 in the arborist report, was approved for removal due to the structural damage to the front wall. The Norfolk Pine was not approved as City staff felt that any improvement or repair to the retaining wall located adjacent to the driveway could be repaired and the tree could be retained. The other two oak trees had been denied as they are protected trees per City Code section 12.20.020 and needed to be included in the arborist report, which they were not. No appeal occurred at this time and the application lapsed for the 4 trees, including tree 402, the Coast Live Oak, which was approved for removal at that time.

On February 11, 2024, the City received an application, # 24-023 (attachment 2), for the removal of two (2) trees at 485 Ocean View Blvd., one (1) Norfolk Pine and one (1) Coast Live Oak. The City reviewed the application and again reviewed application #21-018 and the associated arborist report (attachment 3) and did not receive any new information pertaining to the two trees. The Coast Live Oak was approved back in 2021 for removal, but unfortunately, the permit lapsed and now the supporting documents are more than 3 years old. The City would consider permitting the removal of the Coast Live Oak if the appellant received and submitted to the City an update/amendment to the 2021 arborist report.

City Staff has not changed our position on the Norfolk Pine and have requested additional information supporting the request for removal. The City arborist prepared a report on April 10, 2024 (attachment 4), that provides further information on the City's findings that warrant denial of the requested tree removal. Below is a high-level recap of the City Arborist findings:

· The tree is healthy, and adapted well to its surroundings, despite conflicts with the wall and driveway.
· The City conducted roadway, sidewalk, and driveway work in 2021 adjacent to the property and encountered no roots, so mitigation is possible.
· A site visit on April 9, 2024, that included soil probing to a depth of 18 inches, did appear to find some roots, but none that are contacting the wall.
· Trees such as the subject trees meet the general findings of the City per code section 12.10.020. They provide stormwater benefits, habitat for wildlife, provide protections from climate extremes, improve overall human health, and help the City meet our canopy goals. They are part of the ecosystem in the neighborhood.

## CONCLUSION

The applicant/appellant has not demonstrated sufficient findings to warrant the removal of the one (1) Norfolk Pine. The City has requested a level 3 assessment of the Norfolk Pine to determine if root pruning can be conducted prior to the rebuilding of the wall. Also attempts should be made to repair the wall and adjust the curb at the top of the driveway in attempts to retain the healthy Norfolk Pine. This tree is significant and has a sister Norfolk Pine tree located on an adjacent property, that was probably planted at the same time. As noted in the City's findings, trees like this Norfolk Pine provide numerous benefits.

Case 5:24-cv-03686-BLF   Document 1   Filed 06/20/24   Page 38 of 38

Staff recommends the BNRC deny the appeal of Tree Permit Application 24-023 and uphold the decision of the City Arborist denying the removal of one (1) Norfolk Pine and one (1) Coast Live Oak located at 485 Ocean View Boulevard.

Options:
1.  Approve the trees for removal
2. Approve only the Coast Live Oak for removal
3. Approve only the Norfolk Pine for removal

## Attachments

Public Comment

2018 Application

2024 Application

2021 Arborist Report

City's Findings

2024 Appeal

Hearing Letter

GO TO PREVIOUS PAGE      GO TO THE TOP OF THE PAGE

W3C   WAI-AA
      WCAG 2.0

AgendaQuick ©2005 - 2024 Destiny Software Inc. All Rights Reserved.