Brian A. Pierick, City Attorney (SBN 62407)
City of Pacific Grove
E-mail: bpierik@bwslaw.com
Thomas B. Brown (SBN 104254)
E-mail: tbrown@bwslaw.com
Gregory R. Aker (SBN 104171)
E-mail:  gaker@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel:  510.273.8780

Attorneys for Defendants CITY OF PACIFIC
GROVE, BILL PEAKE, JOE AMELIO, DEBBY
BECK, LUKE COLETTI, LORI MCDONNELL,
CHAPS PODURI and NICK SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| RICHARD B. FOX,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF PACIFIC GROVE, CALIFORNIA,<br>BILL PEAKE, MAYOR, CITY OF PACIFIC<br>GROVE, CALIFORNIA, CITY PACIFIC<br>GROVE CALIFORNIA CITY COUNCIL<br>MEMBERS JOE AMELIO, DEBBY BECK,<br>LUKE COLETTI, LORI MCDONNELL,<br>CHAPS PODURI, AND NICK SMITH,,<br><br>            Defendants. | Case No. 5:24-cv-03686-BLF<br><br>**CITY OF PACIFIC GROVE<br>DEFENDANTS' NOTICE OF MOTION<br>TO DISMISS COMPLAINT;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>MOTION TO DISMISS COMPLAINT<br>[FRCP RULES 12(b)(1) AND 12(b)(6)]**<br><br>Filed concurrently with Request for Judicial<br>Notice and Declaration of City Clerk Sandra<br>Kandell; [Proposed] Order<br><br>Date:        December 19, 2024<br>Time:        9:00 am<br>Ctrm:        3<br><br>Judge:      Hon. Beth Labson Freeman<br><br>Trial Date: None Set |

///

///

///

4878-5510-7533 v1

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

Case No. 5:24-cv-03686-BLF
CITY OF PACIFIC GROVE DEFENDANTS'
NOTICE OF MOTION TO DISMISS
COMPLAINT

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on December 19, 2024 at 9:00 am before the Honorable Beth Labson Freeman in Courtroom 3, Fifth Floor of the United States District Courthouse, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, Defendants CITY OF PACIFIC GROVE, BILL PEAKE, JOE AMELIO, DEBBY BECK, LUKE COLETTI, LORI MCDONNELL, CHAPS PODURI and NICK SMITH (collectively "City") will, and hereby do, move the Court for an order dismissing the Complaint for Declaratory and Injunctive Relief ("Complaint") filed by Plaintiff Richard B. Fox (hereafter "Plaintiff"). This Motion is made under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) Plaintiff's as-applied takings claim under the Fifth and Fourteenth Amendments of the U.S. Constitution is not ripe, and therefore this Court lacks subject jurisdiction and (2) Plaintiff's facial takings claim challenging the facial constitutionality of Pacific Grove Municipal Code chapter 12.20 under the Fifth and Fourteenth Amendments of the U.S. Constitution is time barred and therefore does not plead facts sufficient to support a cognizable claim. This Motion is based on this Notice and accompanying Memorandum of Points and Authorities, the Request for Judicial Notice filed and served concurrently herewith, the Proposed Order filed herewith, the papers on file herein, and such other matters as the Court may consider at or before the hearing on the Motion.

///
///
///
///
///
///
///
///
///
///

4878-5510-7533 v1

Case No. 5:24-cv-03686-BLF
CITY OF PACIFIC GROVE DEFENDANTS'
NOTICE OF MOTION TO DISMISS
COMPLAINT

1

## STATEMENT OF REQUESTED RELIEF

2

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), the City requests that the

3

Court dismiss each of the Plaintiffs' claims against the City (for Claims for Relief) with prejudice.

4

Dated: July 11, 2024                                   **BURKE, WILLIAMS & SORENSEN, LLP**

5

6

By:    /s/ Brian A. Pierik

7

Brian A Pierik
Thomas B. Brown

8

Gregory R. Aker
Attorneys for Defendants CITY OF

9

PACIFIC GROVE, BILL PEAKE, JOE
AMELIO, DEBBY BECK, LUKE

10

COLETTI, LORI MCDONNELL, CHAPS
PODURI and NICK SMITH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4878-5510-7533 v1

1

## <u>TABLE OF CONTENTS</u>

Page

2

3  MEMORANDUM OF POINTS AND AUTHORITIES ................................................... ii

4  I.      INTRODUCTION.......................................................................................................1

5  II.     STATEMENT OF ISSUES TO BE DECIDED.........................................................1

6  III.    STATEMENT OF FACTS..........................................................................................2

7  IV.     LEGAL ARGUMENT ...............................................................................................3

8          A.      The Standards That Apply to Motions to Dismiss under FRCP 12(b)(1) and
                   12(b)(6)...........................................................................................................3
9
           B.      Plaintiff Has Failed to Plead a Ripe As-Applied Takings Claim Because He
10                 Does Not Allege The City Council Made a Final Decision. ...........................5

11         C.      Plaintiff's Facial Challenge to PGMC Chapter 12.20 is Time-Barred.......................7

12         D.      Plaintiff's *Per Se* Takings Claim under *Cedar Point* and *Loretto* Fails
                   Because Unlike Those Cases Chapter 12.20 Requires No Physical Intrusion
13                 or Occupation of Plaintiff's Property. .............................................................8

14         E.      Plaintiff's Facial Claim Fails Because Plaintiff Cannot Meet the Strict
                   Standard for Facial Claims, Namely, That No Set of Circumstances Exists
15                 Under Which the City's Tree Ordinances Would Be Valid," or That the
                   Ordinances Lack a "Plainly Legitimate Sweep.".........................................9
16
   V.      CONCLUSION ........................................................................................................11
17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4878-5510-7533 v1

i

Case No. 5:24-cv-03686-NC
CITY OF PACIFIC GROVE DEFENDANTS'
NOTICE OF MOTION TO DISMISS
COMPLAINT

1

2                    <u>**TABLE OF AUTHORITIES**</u>

3                                                                    **Page(s)**

4                              **Federal Cases**

5   *1210 Cacique Street, LLC v. City of Santa Barbara*,
6      2024 Slip Copy, 2024 WL 2037143, at * 1 (C.D. Cal. April 26, 2024) .................................. 4

7   *Apartment Ass'n of Greater Los Angeles v. City of Beverly Hills*,
8      2019 WL 1930136 (C.D. Cal. Apr. 17, 2019)......................................................................... 4

9   *Ashcroft v. Iqbal*,
       556 U.S. 662 (2009) ............................................................................................... 3, 4

10  *Azul-Pacifico, Inc. v. City of Los Angeles*,
11     973 F.2d 704 (9th Cir. 1992).................................................................................... 7

12  *Bell Atlantic Corporation v. Twombly*,
       550 U.S. 544 (2007) .................................................................................................. 3

13  *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*,
14     983 F.3d 435 (9th Cir. 2020)................................................................................... 4

15  *Biggs v. Terhune*,
16     334 F.3d 910 (9th Cir.2003)..................................................................................... 5

17  *Canatella v. Van De Kamp*,
18     486 F.3d 1128 (9th Cir. 2007).................................................................................. 7

19  *Cedar Point Nursery v. Hassid*,
       141 S. Ct. 2063 (2021) ............................................................................................. 1

20  *Chandler v. State Farm Mut. Auto. Ins. Co.*,
21     598 F.3d 1115 (9th Cir. 2010).............................................................................. 4, 5

22  *Colony Cove Properties, LLC v. City of Carson*,
       640 F.3d 948 (9th Cir. 2011)................................................................................ 7, 8

23  *United States v. Corinthian Colls.*,
24     655 F.3d 984 (9th Cir. 2011)................................................................................... 4

25  *DiVittorio v. Cnty. of Santa Clara*,
       No. 21-CV-03501-BLF, 2022 WL 409699 (N.D. Cal. Feb. 10, 2022) .................................. 5
26

27  *Guggenheim v. City of Goleta*,
       638 F.3d 1111 (9th Cir. 2010)............................................................................. 7, 8

28

*Knick v. Twp. of Scott, Pennsylvania,*
   139 S. Ct. 2162 (2019) ................................................................... 6

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
   511 U.S. 375 (1994) ...................................................................... 4

*Levin v. City and Cnty. of San Francisco,*
   71 F.Supp.3d 1072 (N.D. Cal. 2014) ............................................ 7

*Levitt v. Yelp! Inc.,*
   765 F.3d 1123 (9th Cir. 2014) ...................................................... 3

*Little Woods Mobile Villa LLC v. City of Petaluma*
   2024 WL 2852140 (N.D. Cal. June 4, 2024) ............................... 6

*Loretto v. Teleprompter Manhattan CATV Corp.,*
   458 U.S. 419, 426 (1982) ......................................................... 1, 8

*Lustig v. City of Laguna Beach,*
   2023 WL 6370231 (C.D. Cal. Aug. 10, 2023) ............................. 6

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
   519 F.3d 1025 (9th Cir. 2008) ...................................................... 3

*Moody v. NetChoice,*
   Slip Opinion July 1, 2024, 2024 WL 3237685 (2024) ............. 8, 9

*Outdoor Media Group, Inc. v. City of Beaumont,*
   506 F.3d 895 (9th Cir. 2007) ........................................................ 4

*Pakdel v. City & Cnty. of San Francisco,*
   141 S. Ct. 2226 (2021) .............................................................. 5, 6

*Palazzolo v. Rhode Island,*
   533 U.S. 606 (2001) ...................................................................... 5

*Papai v. Harbor Tug and Barge Co.,*
   67 F.3d 203 (9th Cir.1995) ........................................................... 5

*Pioneer Military Lending Inv. Dufauchard*, 2006 WL 2053486 at * 13 n. 24
   (E.D.Cal. 2006) ............................................................................. 4

*Ralston v. County of San Mateo,*
   Case No. 21-cv-01880-EMC, 2021 WL 3810269 (N.D. Cal. 2021) ...................... 5

*United States v. Salerno,*
   481 U. S. 739 (1987) .................................................................... 1

*Suitum v. Tahoe Regional Planning Agency,*
   520 U.S. 725 (1997) ...................................................................... 9

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

*Telesaurus VPC, LLC v. Power*,
   623 F.3d 998 (9th Cir. 2010)........................................................................................4

*Tollis, Inc. v. Cnty. of San Diego*,
   505 F.3d 935 (9th Cir. 2007)........................................................................................4

*Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura*,
   371 F.3d 1046 (9th Cir. 2004) .....................................................................................7

*Washington State Grange v. Washington State Republican Party*,
   *552 U. S. 442* (2008) ...............................................................................................1, 9

*Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*
   *467 U.S. 986; 104 S. Ct. 2862* ..................................................................................6

*Yee v. City of Escondido*,
   503 U.S. 519 (1992) .....................................................................................................8

### State Cases

*Gong v. City of Rosemead*
   (2014) 226 Cal.App.4th 363 ........................................................................................7

### Federal Statutes

42 U.S.C. section 1983 ........................................................................................................7

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)........................................... 3, 4

### State Statutes

California Code of Civil Procedure Section 335.1 ..............................................................8

### City of Pacific Grove Ordinances

Ordinance No. 12-017 .........................................................................................................2

Ordinance No. 13-013 .........................................................................................................2

### City of Pacific Grove Municipal Code (PGMC)

PGMC section 12.10 ...........................................................................................................3

PGMC section 12.20 ...........................................................................................................3

PGMC section 12.70 ...........................................................................................................3

PGMC section 12.10.010 .....................................................................................................9

PGMC section 12.10.020 .....................................................................................................9

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

PGMC section 12.70.010 ................................................................................................ 6

PGMC section 12.70.010(a)(4) .................................................................................. 6, 7

PGMC section 12.70.040 ................................................................................................ 3

PGMC Title 12 ................................................................................................................ 2

**Other Authorities**

California Government Tort Liability Practice (Cont. Ed.. Bar 4th ed. 2014) § 5.17
(rev. 2/13) .................................................................................................................. 7

4878-5510-7533 v1

v

Case No. 5:24-cv-03686-NC
CITY OF PACIFIC GROVE DEFENDANTS'
NOTICE OF MOTION TO DISMISS
COMPLAINT

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.       INTRODUCTION

Plaintiff Richard B. Fox challenges the constitutionality of the City of Pacific Grove's ordinance, Pacific Grove Municipal Code ("PGMC") chapter 12.20, which provides protections for specified "Protected Trees," including three owned by Plaintiff.  He attempts to allege as-applied and facial takings claims against the City of Pacific Grove and several individual City elected officials ("City). Plaintiff's sole claim is that the ordinance, on its face and as applied to him by the City's Beautification and Natural Resources Commission's ("BNRC") June 18, 2024 decision denying his request as to one of three trees, constitutes a "per se" (categorical) taking because in carrying out its purpose of benefiting the public at large by restricting his ability to remove the trees, the City has physically appropriated his property in violation of two cases, *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2069 (2021) ("*Cedar Point*") and *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 426 (1982) ("*Loretto*").

As we discuss below, the Court should dismiss Plaintiff's Complaint.  The as-applied claim fails due to lack of ripeness, because Plaintiff never obtained a final determination on his tree removal request by timely (within 10 days) appealing the BNRC's June 18, 2024 decision to the City Council.  The facial claim is time-barred by the applicable two-year statute of limitations, and thus fails to allege facts that plausibly state a claim. Moreover, the City's ordinance does not violate *Cedar Point* or *Loretto* because it does not authorize any physical occupation of Plaintiff's property. Finally, Plaintiff cannot satisfy the strict standard for facial claims, namely, "no set of circumstances exists under which [the City's tree ordinances] would be valid," or that the law lacks a "plainly legitimate sweep."  *United States v. Salerno*, 481 U. S. 739, 745 (1987); *Washington State Grange v. Washington State Republican Party, 552 U. S. 442,* 449 (2008).

## II.      STATEMENT OF ISSUES TO BE DECIDED

This motion raises the following issues for the Court to decide:

1.  Is Plaintiff's as-applied takings claim ripe when Plaintiff fails to allege he obtained a final decision from the City by timely appealing the decision of the BNRC to the City Council pursuant to the City's code?

1

2.   Is Plaintiff's facial takings claim time-barred under California's applicable statute of limitations when Plaintiff failed to bring his facial challenge within two years of the enactment of the code provisions Plaintiff challenges on their face?

3.   Does the City's ordinance constitute a per se, physical taking of Plaintiff's property in violation of *Cedar Point* or *Loretto* when it does not authorize any physical occupation of Plaintiff's property?

4.   Does Plaintiff satisfy the strict standard for facial claims by alleging that "no set of circumstances exists under which [the City's tree ordinances] would be valid," or that the law lacks a "plainly legitimate sweep"?

## III.    STATEMENT OF FACTS[1]

Plaintiff, Richard B. Fox, is the joint owner of historic real property located in the City of Pacific Grove.  Compl. ¶ 1.  Plaintiff wishes to remove three large trees from either side of the driveway to his property, and in January 2021 first applied to the City arborist for permission to do so under ordinances enacted by the City to protect certain trees.  Compl. ¶¶ 1-24; PGMC Title 12, including chapters 12.10, 12.20, 12.70.   These Chapters of the City's Municipal Code are codifications of City Ordinance No. 12-017 adopted October 17, 2012 and Ordinance No. 13-013 adopted August 7, 2013 ("Tree Ordinances").   The Tree Ordinances are attached as Exhibit A (City Ordinance No. 12-017) and Exhibit B (Ordinance No. 13-013) to the Request for Judicial Notice and Declaration of City Clerk Sandra Kandell (RJN) filed concurrently herewith.

The City arborist approved the request as to one of the three trees, but denied it for two others.  The arborist noted that as to one of the two trees for which he did not approve removal, a large Norfolk pine ("Tree # 1"), additional information was required because the tree contributed to the historic value of the property.  Plaintiff apparently did not appeal the City arborist's 2021 decision.  Compl. ¶ 24.

Plaintiff inquired of the City in 2023 about obtaining a permit for the removal of Tree # 1.

---

[1] The facts set forth in this section are taken from either the Complaint (hereafter "Compl.") or judicially noticeable facts contained in documents submitted in the City's accompanying Request for Judicial Notice ("RJN").

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4878-5510-7533 v1

2

Case No. 5:24-cv-03686-NC
CITY OF PACIFIC GROVE DEFENDANTS'
NOTICE OF MOTION TO DISMISS
COMPLAINT

He was provided a copy of the City arborist's report from 2021.  That report included language explaining the public purposes of the City's tree regulations contained in PGMC chapters 12.10 and 12.20.  Plaintiff again did not attempt to appeal the arborist's decision in 2023.  Compl. ¶¶ 25-28.

Plaintiff reapplied for approval to remove Tree # 1 in February 2024, and amended his request in March 2024 to include Tree # 2.  Believing the City arborist had constructively denied his request, Plaintiff appealed the denial to the City's Beautification and Natural Resources Commission ("BNRC") in April 2024.  His appeal was made pursuant to PGMC chapter 12.70, and based on his assertion that the trees had caused substantial damage to hardscape, including retaining walls next to his driveway.  Compl. ¶ 31.

The BNRC conducted a hearing on June 18, 2024, at which it considered input from City staff and Plaintiff.  The report from City staff noted, among other points, that Plaintiff had never submitted information necessary for it to evaluate Plaintiff's request as to the two trees.  After conducting the hearing, the BNRC denied Plaintiff's appeal.  Again, Plaintiff did not appeal the decision of the BNRC to the City Council by filing the appeal with the City Clerk within 10 days pursuant to PGMC section 12.70.040.  Compl. ¶¶ 31-36; RJN.  Instead, Plaintiff filed this lawsuit.

## IV.    LEGAL ARGUMENT

### A.    The Standards That Apply to Motions to Dismiss under FRCP 12(b)(1) and 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss, a plaintiff's factual allegations in the complaint must suggest that the claim has at least a plausible chance of success.  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014), citing  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). The Court must accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Levitt v. Yelp! Inc.*, 765 F.3d at 1135; *Iqbal*, 556 U.S. at 678. The plausibility

1  standard is not akin to a "probability requirement," but it asks for more than a sheer possibility

2  that a defendant has acted unlawfully.  *Id.* (quoting *Twombly*, 550 U.S. at 556). Although for the

3  purposes of a motion to dismiss the Court must take all of the factual allegations in the complaint

4  as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation.

5  *Id.* at 678.

6          Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction.

7  Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and "[i]t is presumed that

8  a cause lies outside this limited jurisdiction," unless otherwise shown. *Kokkonen v. Guardian Life*

9  *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff, as the party seeking to invoke jurisdiction, has

10  the burden of establishing that jurisdiction exists. *Id.*  Because ripeness pertains to federal courts'

11  subject matter jurisdiction, it is properly raised in a Rule 12(b)(1) motion to dismiss. *Chandler v.*

12  *State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

13          In ruling on motions to dismiss, courts may consider allegations contained in the pleadings

14  and matters properly subject to judicial notice.  *Outdoor Media Group, Inc. v. City of Beaumont*,

15  506 F.3d 895, 899-900 (9th Cir. 2007).  Courts may consider materials that are submitted with and

16  attached to the complaint, matters of public record, and unattached evidence on which the

17  complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is

18  central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *United*

19  *States v. Corinthian Colls*., 655 F.3d 984, 998–99 (9th Cir. 2011); *Beverly Oaks Physicians*

20  *Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020). The

21  courts reject conclusory allegations, identify well-pleaded factual allegations, assumed to be true,

22  and then determine whether they plausibly give rise to an entitlement to relief.  *Telesaurus VPC,*

23  *LLC v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010).

24          Municipal ordinances and sections of municipal code are both proper subjects for judicial

25  notice. See *Tollis, Inc. v. Cnty. of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007); *1210 Cacique*

26  *Street, LLC v. City of Santa Barbara*, 2024 Slip Copy, 2024 WL 2037143, at * 1 (C.D. Cal. April

27  26, 2024); *Apartment Ass'n of Greater Los Angeles v. City of Beverly Hills*, 2019 WL 1930136, at

28  *2 (C.D. Cal. Apr. 17, 2019).  So too are City staff reports, *Pioneer Military Lending Inc. v.*

1  *Dufauchard*, 2006 WL 2053486 at * 13 n. 24 (E.D.Cal. 2006) , citing *Denius v. Dunlap*, 330 F.3d

2  919, 926 (7th Cir.2003) (stating that the court may take judicial notice of information on

3  government agency's website), and other public records, such as transcripts, orders, and decisions

4  made by administrative agencies." *Biggs v. Terhune*, 334 F.3d 910, 915 n. 3 (9th Cir.2003); *Papai*

5  *v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 n. 5 (9th Cir.1995), rev'd on other grounds, 520

6  U.S. 548 (1997) (taking judicial notice of a decision and order of an Administrative Law Judge).

7  **B.   Plaintiff Has Failed to Plead a Ripe As-Applied Takings Claim Because He Does Not**

8  **Allege The City Council Made a Final Decision.**

9  To plead a ripe as-applied takings claim, Plaintiff must show that the City reached a final

10  administrative decision applying the subject regulations to his property.  Plaintiff bears the burden

11  to establish subject matter jurisdiction, including when a defendant moves to dismiss for lack of

12  ripeness or standing.  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th

13  Cir. 2010).

14  The Supreme Court has ruled that an as-applied takings claim is not ripe unless the

15  plaintiff establishes that the government reached a final administrative decision applying the

16  subject regulations to its property.  *Pakdel v. City & Cnty. of San Francisco,* 141 S. Ct. 2226, 2230

17  (2021).  "After all, until the government makes up its mind, a court will be hard pressed to

18  determine whether the plaintiff has suffered a constitutional violation." *Id*.  An as-applied takings

19  case is not ripe until the agency's regulations provide no further agency discretion over the use of

20  the owner's property, and the permissible uses of the property are known to a reasonable degree of

21  certainty.  *Palazzolo v. Rhode Island*, 533 U.S. 606, 620-21 (2001).

22  Lower courts similarly have applied the foregoing ripeness principles to dismiss claims by

23  plaintiffs who have failed to satisfy administrative finality on facts similar to those involved here.

24  See, e.g., *DiVittorio v. Cnty. of Santa Clara*, No. 21-CV-03501-BLF, 2022 WL 409699, at *7

25  (N.D. Cal. Feb. 10, 2022) ("Unlike the *Pakdel* plaintiffs, who sued at the end of the administrative

26  process, the DiVittorios have elected to sue in the middle of the administrative process when

27  'avenues still remain for the government to' render a decision favorable to them."); *Ralston v.*

28  *County of San Mateo*, Case No. 21-cv-01880-EMC, 2021 WL 3810269 (N.D. Cal. 2021)

1   (dismissing takings claims as unripe where the county's zoning regulations required submission of

2   an application along with a fee, a location map, a site plan, and building elevations, and the

3   plaintiffs had not alleged that they did any of those things); *Lustig v. City of Laguna Beach*, 2023

4   WL 6370231, at *5 (C.D. Cal. Aug. 10, 2023) (dismissing takings claims as unripe where the

5   plaintiffs had failed to reach the "latter stages of the application process," despite their having

6   received a "preliminary" letter from the city stating that the proposed project was infeasible); *Little*

7   *Woods Mobile Villa LLC v. City of Petaluma* 2024 WL 2852140 (N.D. Cal. June 4, 2024).   What

8   these cases tell us is that after *Pakdel*, although the finality requirement is "modest," it is still a

9   finality requirement: where there has been no decision at all from the government and no effort to

10  seek one, Plaintiff's claims cannot be ripe.  *Pakdel*, 594 U.S. at 478.

11      Prior to 2019, a plaintiff pleading an as-applied takings claim also had to establish

12  exhaustion of state court remedies.  See *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162,

13  2167 (2019), abrogating second ripeness requirement set forth in *Williamson Cnty. Reg'l Plan.*

14  *Comm'n v. Hamilton Bank of Johnson City 467 U.S. 986; 104 S. Ct. 2862*.  Following *Knick*,

15  ripeness cases are now commonly decided not on the now-abrogated state-court-exhaustion test,

16  but under the administrative-finality test.

17      In any event, as recent cases reveal, the administrative-finality test is clearly applicable

18  here, and not met.  Plaintiff has failed to allege a ripe takings claim, and cannot.  Although he

19  alleges that on June 18, 2024 the BNRC denied his request for authorization to remove his trees,

20  he does not (and cannot) allege that he timely appealed that decision to the final decision maker,

21  the City Council, as authorized by PGMC section 12.70.010--the same section under which

22  Plaintiff appealed the City arborist's decision to the BNRC.  Section 12.70.010(a)(4) provides:

23  "The action of the beautification and natural resources commission may be appealed to the city

24  council within 10 calendar days."

25      In addition to the failure of Plaintiff to allege in the Complaint that he timely appealed to

26  the City Council the June 18, 2024 decision of the BNRC, the City records confirm that the City

27  did not receive an appeal to the City Council.  See RJN and Declaration of City Clerk Sandra

28  Kandell filed concurrently herewith.  The Court may take judicial notice of City records which

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4878-5510-7533 v1                                       6                          Case No. 5:24-cv-03686-NC
                                                                          CITY OF PACIFIC GROVE DEFENDANTS'
                                                                          NOTICE OF MOTION TO DISMISS
                                                                          COMPLAINT

1  show lack of compliance with the law.  See *Gong v. City of Rosemead* (2014) 226 Cal.App.4th

2  363, 376 (in the context of the claims statutes) citing *Fowler v. Howell* (1996) 42 Cal.App.4th

3  1746, 1752; California Government Tort Liability Practice (Cont. Ed.. Bar 4th ed. 2014) § 5.17, p.

4  181 (rev. 2/13)).

5       Plaintiff has alleged nothing to show how the City Council would have decided an appeal

6  had Plaintiff timely (within 10 days) brought one under PGMC section 12.70.010(a)(4).  Thus,

7  Plaintiff's as-applied takings claim is not ripe, and he has no basis to invoke this Court's subject

8  matter jurisdiction to determine if the City's application of its protected tree regulations (PGMC

9  chapter 12.20) takes his property.

10  **C.**    **Plaintiff's Facial Challenge to PGMC Chapter 12.20 is Time-Barred.**

11       Plaintiff also asserts a facial claim that challenges the constitutionality of the City's

12  protected tree ordinance itself, and seeks to invalidate and enjoin its enforcement.  Facial claims

13  challenge the effect of the City's ordinance, rather than any particularized impacts of application,

14  and do not seek just compensation.  *Ventura Mobilehome Communities Owners Ass'n v. City of*

15  *San Buenaventura*, 371 F.3d 1046, 1051 (9th Cir. 2004); *accord Guggenheim v. City of Goleta*,

16  638 F.3d 1111, 1115, 1117-19 (9th Cir. 2010) (takings challenges to mobilehome rent control

17  legislation—which challenge the legality of the legislation but do not depend upon the extent of

18  property conveyed or amount of compensation due—are inherently facial); *Levin v. City and Cnty.*

19  *of San Francisco,* 71 F.Supp.3d 1072, 1075, 1079 (N.D. Cal. 2014) (takings challenge to

20  ordinance, which sought declaratory and injunctive relief under *Nollan/Dolan* Doctrine rather than

21  just compensation, stated ripe facial claim).

22       The right to sue for a constitutional violation, including a taking, is under 42 U.S.C.

23  section 1983 (not directly under the Constitution).  *Azul-Pacifico, Inc. v. City of Los Angeles,* 973

24  F.2d 704, 705 (9th Cir. 1992).  California's statute of limitations for personal injury actions

25  applies to such claims.  *Colony Cove Properties, LLC v. City of Carson,* 640 F.3d 948, 956 (9th

26  Cir. 2011).  Claims that accrued prior to 2003 are subject to a one-year deadline; claims that

27  subsequently accrued are subject to a two-year deadline.  *Canatella v. Van De Kamp,* 486 F.3d

28  1128, 1132-33 (9th Cir. 2007).  Facial takings claims accrue when the legislation is adopted.

4878-5510-7533 v1    7    Case No. 5:24-cv-03686-NC
CITY OF PACIFIC GROVE DEFENDANTS'
NOTICE OF MOTION TO DISMISS
COMPLAINT

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

1   *Guggenheim,* 638 F.3d at 1119; *Colony Cove,* 640 F.3d at 956.

2         The City Tree Ordinances that Plaintiff challenges are codified in PGMC Chapter 12.20

3   and were adopted on October 17, 2012 (Ordinance 12-017) and August 7, 2013 (Ordinance 13-

4   013), see RJN Exhibit A and Exhibit B.  Under the applicable two-year limitations period of

5   California Code of Civil Procedure section 335.1, Plaintiff's facial claim is barred.  *Guggenheim*

6   *v. City of Goleta*, 638 F.3d 1111, 1115, 1117-19.

7   **D.     Plaintiff's *Per Se* Takings Claim under *Cedar Point* and *Loretto* Fails Because Unlike**

8   **         Those Cases Chapter 12.20 Requires No Physical Intrusion or Occupation of**

9   **         Plaintiff's Property.**

10        Plaintiff alleges (argues) that PGMC chapter 12.20 affects a "physical appropriation" of,

11  and an easement over his property by restricting his ability to remove his trees to achieve its

12  purpose of preserving protected trees in violation of *Cedar Point* and *Loretto*.  Compl., ¶ 47, p. 13,

13  citing *Cedar Point*, 141 S. Ct. 2063, 2069 and *Loretto*, 458 U.S. 419, 426 (1982).  Plaintiff has no

14  claim under *Cedar Point* and *Loretto*, both of which involved laws that required property owners

15  to allow third parties to enter and occupy their property.  Specifically, in *Cedar Point*, the law

16  granted union organizers a right of access to private property "for up to four 30-day periods in one

17  calendar year."  In *Loretto*, the law authorized cable television companies to install and

18  permanently maintain cables on private property.

19        Chapter 12.20 by its clear terms does no such thing.  Rather, it simply restricts property

20  owners from removing or pruning specified protected trees.  An ordinance that merely regulates a

21  property owner's use of property is "not "an unwanted physical occupation of [the] property," and

22  "thus does not amount to a per se taking".  *Yee v. City of Escondido*, 503 U.S. 519, 532 (1992).

23  Neither *Cedar Point* nor *Loretto* may be read to invalidate such a use regulation as a *per se* or

24  categorical taking.  Defendants are not aware of any lower court decision that has done so.

25  ///

26  ///

27  ///

28  ///

1  **E.     Plaintiff's Facial Claim Fails Because Plaintiff Cannot Meet the Strict Standard for**

2     **Facial Claims, Namely, That No Set of Circumstances Exists Under Which the City's**

3     **Tree Ordinances Would Be Valid," or That the Ordinances Lack a "Plainly**

4     **Legitimate Sweep."**

5     Plaintiff's choice to challenge the Tree Ordinances facially "comes at a cost."  *Moody v.*

6  *NetChoice*, Slip Opinion July 1, 2024, 2024 WL 3237685 (2024).  Speaking for the Court, Justice

7  Kagan reiterated the rule as follows:

8     For a host of good reasons, courts usually handle constitutional claims case by case, not en

9     masse. See *Washington State Grange v. Washington State Republican Party*, 552 U. S. 442,

10    450–451 (2008). "Claims of facial invalidity often rest on speculation" about the law's

11    coverage and its future enforcement. *Id*., at 450. And "facial challenges threaten to short

12    circuit the democratic process" by preventing duly enacted laws from being implemented

13    in constitutional ways. *Id*., at 451. This Court has therefore made facial challenges hard to

14    win.

15  *Id*. at * 8.

16    Accordingly, the rule in non-First Amendment cases is that a plaintiff cannot succeed on a

17  facial challenge unless he or she "establish[es] that no set of circumstances exists under which the

18  [law] would be valid," or he/she shows that the law lacks a "plainly legitimate sweep." *Id*., citing

19  *United States v. Salerno*, 481 U. S., at 745 (1987); *Washington State Grange*, 552 U. S., at 449.

20    In the specific context of takings claims, facial challenges to regulation are

21  generally ripe the moment the challenged regulation or ordinance is passed, but face an "uphill

22  battle." *Suitum v. Tahoe Regional Planning Agency*, 520 U.S. 725, 735 fn. 9 (1997), citing

23  *Keystone Bituminous Coal Assn. v. DeBenedictis*, 480 U.S. 470, 495 (1987).  That is because it is

24  difficult to demonstrate that "mere enactment" of a piece of legislation "deprived [the owner] of

25  economically viable use of [his] property."  *Id*., citing *Hodel v. Virginia Surface Mining &*

26  *Reclamation Assn., Inc.*, 452 U.S. 264, 297.

27    These principles doom Plaintiff's facial challenge here.  First, Plaintiff cannot show there is

28  **no** set of circumstances under which the City may apply its Tree Ordinances without affecting a

1   taking.  For example, the Tree Ordinances require some tree owners to get permission as to

2   whether and how to prune protected trees.  Surely that can be accomplished without "taking"

3   property.  Indeed, given that Plaintiff has never appealed to the City Council, Plaintiff cannot even

4   allege that the ordinances cannot be constitutionally applied to him.

5          Second, the stated purposes of the City's Tree Ordinances, as set forth in PGMC sections

6   12.10.010 and 12.10.020, are plainly legitimate.  They include:

7   •   safeguarding life, limb and property;

8   •   increasing property values;

9   •   protecting against climatic extremes;

10  •   recycling air and water, absorb carbon dioxide and release oxygen, providing shade and

11  windbreak protection, and potentially moderating temperatures.

12  •   improving human health by absorbing air pollution and trapping dust;

13  •   buffering noise from traffic and other sources;

14  •   diffusing the effects of rain that weather houses, erode topsoil, and cause flooding;

15  •   providing enrichment of the soil for more plant growth;

16  •   reducing the volume and slow the velocity of storm drainage and dry weather flows, and

17  filtering contaminants that would otherwise end up in the ocean;

18  •   providing habitat for wildlife;

19  •   contributing to the pleasantness and serenity of neighborhoods;

20  •   reducing the stress of modern living; and

21  •   enhancing the architectural character of a neighborhood, accent or soften the effect of

22  structures, promote visual formality.

23  Plaintiff makes no contrary argument in his Complaint, and in fact cites to them as part of his

24  argument that the ordinances effectively operate as an easement over his property.  Compl., ¶¶ 19,

25  26, 41.  He thus cannot argue they lack a plainly legitimate sweep, as is his burden for his facial

26  challenge.

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4878-5510-7533 v1                                    10                        Case No. 5:24-cv-03686-NC
                                                                               CITY OF PACIFIC GROVE DEFENDANTS'
                                                                               NOTICE OF MOTION TO DISMISS
                                                                               COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.   CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court grant the motion to dismiss.   Further, since the Complaint cannot be amended to cure the defects as noted in this Motion, the City requests that the Motion be granted without leave to amend.

Dated:  July 11, 2024                                  BURKE, WILLIAMS & SORENSEN, LLP


                                                       By:   /s/ *Brian A. Pierik*
                                                             _____
                                                             Brian A. Pierik
                                                             Thomas B. Brown
                                                             Gregory R. Aker
                                                             Attorneys for Defendants CITY OF
                                                             PACIFIC GROVE, BILL PEAKE, JOE
                                                             AMELIO, DEBBY BECK, LUKE
                                                             COLETTI, LORI MCDONNELL, CHAPS
                                                             PODURI and NICK SMITH

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4878-5510-7533 v1

11

Case No. 5:24-cv-03686-NC
CITY OF PACIFIC GROVE DEFENDANTS'
NOTICE OF MOTION TO DISMISS
COMPLAINT

**PROOF OF SERVICE**

**Richard B. Fox v. City of Pacific Grove, et al.**
**Case No. 5:24-cv-03686-NC**

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Ventura, State of California.  My business address is 2310 East Ponderosa Drive, Suite 25, Camarillo, CA 93010-4747.

On July 11, 2024, I served true copies of the following document(s) described as **CITY OF PACIFIC GROVE DEFENDANTS' NOTICE OF MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT [FRCP RULES 12(B)(1) AND 12(B)(6)** on the interested parties in this action as follows:

Richard B. Fox                                                              *Plaintiff in Pro Se*
485 Ocean View Blvd.
Pacific Grove, CA 93950
Telephone: 408.402.2452
Facsimile: 669.221.6281
Email: rbfmd@aol.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Burke, Williams & Sorensen, LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Camarillo, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address dwetters@bwslaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 11, 2024, at Camarillo, California.

/s/ Kathleen van Daalen Wetters
Kathleen van Daalen Wetters

4878-5510-7533 v1

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

12

Case No. 5:24-cv-03686-NC
CITY OF PACIFIC GROVE DEFENDANTS'
NOTICE OF MOTION TO DISMISS
COMPLAINT