1

2

3

4                           UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    RICHARD B. FOX,                           Case No. 24-cv-03686-EKL

8                    Plaintiff,

9             v.                               **ORDER GRANTING MOTION TO
                                               DISMISS**
10   CITY OF PACIFIC GROVE,                     Re: Dkt. No. 13
     CALIFORNIA, et al.,
11
                    Defendants.
12

13          Plaintiff Richard B. Fox ("Fox") brings this action under the Takings Clause of the Fifth

14   Amendment, claiming that the denial by the City of Pacific Grove Defendants (the "City") of his

15   permit application to remove trees from his property constitutes a *per se* taking of his property.

16   The City moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

17   Mot. to Dismiss Am. Compl., ECF No. 13 ("Mot.").  The Court carefully reviewed the parties'

18   briefs and heard argument on January 15, 2025.  For the following reasons, the Court GRANTS

19   IN PART and DENIES IN PART the City's Motion.

20   **I.      BACKGROUND**

21          This case is about two unwanted trees on Fox's property.  *See* Am. Compl. ¶ 1, ECF

22   No. 11 ("Compl.").  "Tree #1 is a very large Norfolk Island pine, a non-native species," and "Tree

23   #2 is a smaller Coastal Oak, a native species."  *Id.* ¶¶ 3, 7.  Fox complains that the trees have

24   caused "major damage" to a retaining wall and have "cracked and lifted up [his] driveway so that

25   it is impassable."  Compl. Ex. 2, ECF No. 11-1.

26          Title 12 of the Pacific Grove Municipal Code,[1] captioned "Trees and the Urban Forest,"

27   _____

28   [1] The Court takes judicial notice of the City's municipal code.  Req. for Jud. Notice, ECF
     No. 13-1.

regulates the removal of trees located on both public and private lands within the city. *See* Pacific Grove, Cal., Mun. Code § 12.20. Municipal Code section 12.20.020 identifies categories of "protected trees," including all trees on private property, "regardless of species, 12 inches or greater in trunk diameter, measured at 54 inches above native grade." Section 12.20.040(a) provides that the "Substantial Pruning or Removal of any Protected Tree requires a permit." Because the unwanted trees are protected under the Municipal Code, *see id.* ¶¶ 3, 7, Fox sought a permit to remove them from his property. *Id.* ¶¶ 14-15. Ultimately, Fox's request was denied, as discussed further below. *See id.* ¶¶ 16, 20-21, 24-25.

On June 20, 2024, Fox filed his original complaint, which he amended on July 25, 2024. Fox seeks just compensation from the City for the "taking of his property that is occupied by the trees at issue since July 17, 2024." Compl. ¶ 42. On August 7, 2024, the City filed a motion to dismiss the amended complaint on two grounds. First, the City moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction because Fox's claim is not ripe. Mot. at 5-9. Second, the City moves to dismiss under Rule 12(b)(6) because Fox has not plausibly stated a *per se* physical takings claim. Mot. at 10-11.[2]

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a complaint if the plaintiff fails to demonstrate that the court has subject matter jurisdiction. *Tosco Corp. v. Communities for Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, as raised by the City in this action, the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*.

---

[2] The City also raised other grounds for dismissal to the extent Fox alleges a facial takings claim. *See* Mot. at 6, 9-10, 11-13. In his opposition, Fox clarified that he alleges "only one claim, an as-applied claim that the City's tree ordinance effectuates a taking of his property." Opp. at 4, ECF No. 15. Accordingly, the City's other grounds for dismissal are moot, and the Court does not reach them.

United States District Court
Northern District of California

1

**B.     Rule 12(b)(6)**

2

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails

3

to state a claim upon which relief can be granted.  To avoid dismissal, the plaintiff must allege

4

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

5

550 U.S. 544, 570 (2007).  A claim is facially plausible when the pleaded facts allow the court "to

6

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

7

*v. Iqbal*, 556 U.S. 662, 678 (2009).  For purposes of a Rule 12(b)(6) motion, the Court generally

8

"accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light

9

most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

10

1025, 1031 (9th Cir. 2008).  However, the Court need not "assume the truth of legal conclusions

11

merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061,

12

1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th

13

Cir. 1981)).

14

If the court finds that dismissal pursuant to Rule 12(b)(6) is warranted, the "court should

15

grant leave to amend even if no request to amend the pleading was made, unless it determines that

16

the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

17

F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th

18

Cir. 1995)).

19

**III.     DISCUSSION**

20

**A.     Plaintiff's Claim is Ripe.**

21

"[A] property owner has a claim for a violation of the Takings Clause as soon as a

22

government takes his property for public use without paying for it." *Knick v. Twp. of Scott*, 588

23

U.S. 180, 189 (2019).  "When a plaintiff alleges a regulatory taking in violation of the Fifth

24

Amendment, a federal court should not consider the claim before the government has reached a

25

'final' decision." *Pakdel v. City of San Francisco*, 594 U.S. 474, 475 (2021) (per curiam).

26

However, "the finality requirement is relatively modest.  All a plaintiff must show is that 'there

27

[is] no question . . . about how the regulations at issue apply to the particular land in question.'"

28

*Id.* at 478 (quoting *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 739 (1997)).  The

United States District Court
Northern District of California

purpose of the finality requirement is to ensure that "the government is committed to a position," so that the plaintiff "is not prematurely suing over a hypothetical harm." *Id*. at 479. For this reason, only "de facto finality" is needed, and a plaintiff's "administrative missteps do not defeat ripeness once the government has adopted its final position." *Id*. at 479-80.

Here, Fox's claim is ripe because the City reached a *de facto* final decision to deny his application. Fox submitted an application to remove the trees from his property in February 2024. *See* Compl. ¶¶ 14-15. After a couple of months had passed without a decision from the City, Fox "construed the lack of response as a constructive denial" of his application and appealed to the City's Beautification and Natural Resources Commission (the "Commission"). *Id*. ¶ 16. The Commission decided to hear Fox's appeal, and at the hearing in June 2024, it "voted unanimously to deny" Fox's application. *Id*. ¶¶ 20, 21. A month later, Fox sent "a request to the City Council of Pacific Grove to appeal the adverse decision." *Id*. ¶ 24. The City Attorney notified Fox that the appeal was being rejected as untimely. *Id*. ¶ 25; *see also* Compl. Ex. 4 ("[T]he City will not be processing [Fox's] purported appeal because it was not filed by the June 28, 2024 deadline."). Accepting these allegations as true, the City has committed to deny Fox's application to remove the trees from his property, and thus Fox's claim is ripe.

The City argues that Fox's claim is not ripe because "he does not (and cannot) allege that he timely appealed [the Commission's] decision to the final decision maker, the City Council." Mot. at 8. The City hypothesizes that "there is a very real question whether the City Council, had Plaintiff presented it a timely appeal from the [Commission's] decision, would have made the same decision or granted Plaintiff's application in whole or in part." Reply at 5, ECF No. 16. But it is immaterial what the City Council might have done if presented with a timely appeal. The relevant question is whether "avenues still remain for the [City] to clarify or change its decision." *Pakdel*, 594 U.S. at 480; *see also Palazzolo v. Rhode Island*, 533 U.S. 606, 622 (2001). Here, the City elected not to hear Fox's appeal, and thereby refused to change its decision to deny his application. Moreover, according to the City, Fox cannot file another application because "nothing in the City's ordinance authorizes such successive applications." Reply at 6. Thus, there is no question that the City has reached a final decision.

4

The cases cited by the City, *see* Mot. at 7, are inapposite because Fox filed an application and pursued procedural avenues until the City reached a *de facto* final decision to deny his application. By contrast, in *Little Woods Mobile Villa LLC v. City of Petaluma*, the plaintiffs had "not actually applied to the City for any relief." No. 3:23-cv-05177-CRB-1, 2024 WL 2852140, at *5 (N.D. Cal. June 4, 2024) (rejecting a claim as unripe "where a plaintiff takes no action at all, and instead merely alleges that all of the available processes would be futile and expensive"). Similarly, in *Ralston v. County of San Mateo*, the plaintiffs did not file an application for a building permit. No. 21-cv-01880-EMC, 2021 WL 3810269, at *5-6 (N.D. Cal. Aug. 26, 2021) (finding that "preliminary statements by the County's Planning Director" did not constitute a final decision). In the other cited cases, the government did not reach a final decision because the plaintiff's application was incomplete. *See, e.g.*, *DiVittorio v. County of Santa Clara*, No. 21-cv-03501-BLF, 2022 WL 409699, at *7 (N.D. Cal. Feb. 10, 2022); *Lustig v. City of Laguna Beach,* No. 22-cv-01945-DOC-ADS, 2023 WL 6370231, at *2, *5 (C.D. Cal. Aug. 10, 2023).

Accordingly, the Court DENIES the City's motion to dismiss for lack of subject matter jurisdiction.

### B.    Plaintiff Fails to Plausibly Allege a Per Se Physical Taking.

Fox asserts one claim for relief for a *per se* physical taking of property for public use without just compensation. Compl. ¶¶ 35-42. Fox argues that, by preventing him from removing two trees from his property, the City is compelling him to grow trees for the public's benefit. Compl. ¶¶ 38-39. However, Fox does not allege that the City placed the trees on his property, or that the City compelled him to plant the trees in the first place.

"When the government physically acquires private property for a public use, the Takings Clause imposes a clear and categorical obligation to provide the owner with just compensation." *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147 (2021). A "physical intrusion by government" is "a property restriction of an unusually serious character for purposes of the Takings Clause." *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 426 (1982).

The City's protected tree ordinance may partially limit Fox's use of his property insofar as it prevents him from removing two unwanted trees, but this limitation does not rise to the level of

United States District Court
Northern District of California

a *per se* physical taking.  The ordinance does not grant the City title to any part of Fox's property, nor does it authorize the government or any other person or object the right to enter and occupy Fox's property.  Absent a physical appropriation of or intrusion into his property by the government or a third party, Fox cannot plausibly allege a *per se* takings claim.

The cases Fox relies on illustrate this point.  In each case, there was a *per se* physical taking because the government either took legal title to the plaintiff's property or authorized third parties to use the plaintiff's property.  *Horne v. Department of Agriculture* involved a "reserve requirement" that required raisin growers to turn over a significant portion of their crop (up to 47% in one year), free of charge, to a "Raisin Administrative Committee."  576 U.S. 350, 354-55 (2015).  The reserve requirement was "a clear physical taking" because "raisins are transferred from the growers to the Government.  Title to the raisins passes to the Raisin Committee."  *Id.* at 361.  *Cedar Point Nursery v. Hassid* concerned a California regulation that required agricultural employers to "allow union organizers onto their property for up to three hours per day, 120 days per year" so that they could "solicit support for unionization."  594 U.S. at 143.  The regulation effected a *per se* taking because, "[r]ather than restraining the [employers'] use of their own property, the regulation appropriates for the enjoyment of third parties the owners' right to exclude."  *Id.* at 149.  Finally, *Loretto v. Teleprompter Manhattan CATV Corp.* addressed a New York law that required a landlord to "permit a cable television company to install its cable facilities upon his property."  458 U.S. at 421.  This "permanent physical occupation authorized by government" was a *per se* taking.  *Id.* at 426.  The City's protected tree ordinance is not comparable to any of these *per se* takings.

Construing the City's protected tree ordinance as a *per se* physical taking would elevate countless land-use restrictions to *per se* takings.  But "[l]and-use regulations are ubiquitous and most of them impact property values in some tangential way—often in completely unanticipated ways.  Treating them all as *per se* takings would transform government regulation into a luxury few governments could afford."  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 323-24 (2002).

1    Accordingly, the Court GRANTS the City's motion to dismiss for failure to state a claim.[3]

2    **IV.    CONCLUSION**

3        For the foregoing reasons, the Court DENIES the City's motion to dismiss for lack of

4    subject matter jurisdiction and GRANTS the City's motion to dismiss for failure to state a claim.

5    Although it appears doubtful that Fox could amend to cure the deficiencies discussed above,

6    because Fox is representing himself in this action and this is the first ruling on the legal

7    sufficiency of his claim, dismissal is with leave to amend.  *See Lopez*, 203 F.3d at 1127.  Fox may

8    file an amended complaint within 28 days of this Order.

9        **IT IS SO ORDERED.**

10   Dated: January 17, 2025

11

12

13                                             Eumi K. Lee
                                               United States District Judge
14

15

16

17

18

19

20

21

22

23

24   [3] The City also argues that "Plaintiff's claims for declaratory and injunctive relief should be
     dismissed" because equitable remedies are generally unavailable in a takings case.  Mot. at 13.
25   The City is correct that, "[a]s long as an adequate provision for obtaining just compensation exists,
     there is no basis to enjoin the government's action effecting a taking."  *Knick*, 588 U.S. at 201.  To
26   the extent Fox seeks to stop the City from enforcing its ordinance, the Court GRANTS the City's
     motion to dismiss the injunctive and declaratory relief claims.  However, when reading Fox's
27   prayer for relief in context, it appears that he seeks just compensation, not equitable relief.  *See*
     Compl. at 9-10 (requesting "an injunction requiring the City of Pacific Grove *to pay him just*
28   *compensation*") (emphasis added).

United States District Court
Northern District of California